2000 ME 64

Steven A. HINKLEY

v.

**Christine E. HINKLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.

Decided April 12, 2000.

Paul Sumberg, Wright & Mills, P.A., Skowhegan, for plaintiff.

M. Michaela Murphy, Daviau, Jabar & Batten, Waterville, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Christine Hinkley appeals the decision of the Superior Court (Somerset County, *Kravchuk, J.*), which affirmed the judgment of the District Court (Skowhegan, *Clapp, J.*) allocating to Steven Hinkley sole medical decision-making rights for the parties' two minor daughters. Chris-

tine argues that the court erred by: (i) ordering relief that neither party requested from the court; (ii) failing to make its underlying factual determinations based on a clear and convincing standard pursuant to 19–A M.R.S.A. § 1653(3)(*O*) (1998); and (iii) admitting testimony about events that occurred prior to the court's last modification order. We affirm.

## I. BACKGROUND

[¶ 2] The parties to this case divorced in March 1995. They have two young daughters who reside with Steven. At the time of the divorce, Steven and the girls resided in Skowhegan. Christine lives in Fairfield and sees the children pursuant to a visitation schedule. The record indicates continuing conflict over parental rights including mediation sessions, motions to amend, motions for contempt, and protection from abuse proceedings. In 1996, Steven and the girls moved to Greenville. In July 1997, Christine filed a post-judgment motion to amend the parties' divorce decree, asserting changed conditions and requesting that the court give her primary physical custody of the girls. Christine based her motion on, among other factors, allegations that Steven was failing to obtain proper medical attention for the parties' younger daughter, who suffers from a severe skin condition. Christine's motion and Steven's responsive motion for attorney fees give rise to the present appeal.

[¶ 3] In March 1998, while these motions were pending, the younger daughter suffered a flare-up in her skin condition during a scheduled visit with Christine, and Christine took the girl to the hospital. While at the hospital, Christine misled hospital personnel to believe that the severity of the girl's outbreak was caused, in part, by Steven's neglect of her condition. Christine then sought and obtained a temporary protection from abuse order which had no proper basis and which she dismissed when Steven appeared with the daughter's physician and nurse practitioner for the scheduled expedited hearing.

[¶ 4] After this occasion, the parties conducted a course of mediation that, *inter alia*, tentatively revised their visitation schedule. The parties then appeared for a hearing on Christine's motion to amend the divorce decree. In her opening comments to the court, Christine's counsel informed the court that, as a result of mediation, Christine was no longer seeking primary custody. In his opening comments, Steven's counsel stated that Steven "wants the original order to remain in place. He is willing to act in accordance with the agreement to just see if it works. The agreement includes a sharing of transportation. It includes increased weekend contact.... And that's what we're here about."

[¶ 5] During the hearing, both parties raised concerns regarding medical decision-making issues. In her closing, Christine's counsel addressed medical decision-making responsibility, telling the court that Christine wanted things to remain the same in that regard. The court questioned the reasonableness of Christine's actions relating to the emergency hospital visit. The court observed that "something happened in triage where they got the impression that this child was being neglected medically. And not until they sat down with the records and [the child's regular doctor] did it become evident that this child was not being neglected." In response to the court's disapproval of Christine's handling of the situation, Christine's counsel argued that "we would just like to have an order that cleans up the transportation problem, that maintains the medical decision-making—we're the ones who questioned that, your Honor, and I'm saying we're not questioning that anymore." The court expressed grave concern about the younger daughter's welfare: "I'm telling you that's an issue that I'm seriously concerned with."

[¶ 6] Following the hearing, the court issued an order giving Steven sole medical decision-making authority for the girls, finding it to be in the girls' best interest.

Christine appealed the judgment to the Superior Court, which affirmed. Christine then filed a timely appeal to this Court.

## II. DISCUSSION

[¶ 7] Where the Superior Court has presided as an intermediate appellate court, we review the District Court's judgment directly. *See Glew v. Glew,* 1999 ME 114, ¶ 5, 734 A.2d 676, 679. The court's decision regarding the best interests of the child is entitled to substantial deference and its findings will stand unless clearly erroneous. *See Rodrigue v. Brewer,* 667 A.2d 605, 606 (Me.1995).

[¶ 8] The trial court must assess the best interest of a child as a competent and cautious guardian of the child's interest and determine what parental rights arrangements will serve that interest. *See* 19–A M.R.S.A. § 1653(3); *see also Rodrigue,* 667 A.2d at 606; *Cyr v. Cyr,* 432 A.2d 793, 796 (Me.1981); *Sheldon v. Sheldon,* 423 A.2d 943, 946 (Me.1980).

[¶ 9] The District Court appropriately considered the best interest of the children in its decision to relieve Christine of medical decision-making responsibility. In this case, where the issue of medical decision-making was generated by a pending motion and the parties' presentations to the court, the court was authorized to fashion an award to serve the children's best interest, even though the parents did not specifically request such relief. The District Court's findings and conclusions, fully supported by the record, reveal a cautious consideration of the children's best interest as required by the general mandate of 19–A M.R.S.A. § 1653(3).

[¶ 10] The court's consideration of the children's best interest was not subject to a clear and convincing legal standard, because it was not premised on a willful misuse of the protection from abuse process. *Compare* 19–A M.R.S.A. § 1653(3) *and* § 1653(3)(*O*). We find no error in the court's decision to admit evidence respecting events predating the par-

ties' last modification order because that evidence was relevant to the court's assessment of the children's best interest. *See Fraser v. Boyer,* 1998 ME 253, ¶ 12, 722 A.2d 354, 356.

The entry is:

Judgment affirmed.