2000 ME 88

**TOWN OF MOUNT DESERT**

v.

**Stephen SMITH.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.
Decided May 17, 2000.

---

Terry W. Calderwood, Gibbons & Calderwood, L.L.P., Camden, for plaintiff.

Stephen S. Smith, Otter Creek, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Stephen Smith appeals from a judgment entered in the District Court (Bar Harbor, *Staples, J.*) finding him in violation of the junkyards and automobile graveyards statute, 30–A M.R.S.A. § 3751 *et seq.* (1996). The Superior Court (Hancock County, *Hjelm, J.*) affirmed the judgment in an intermediate appeal. Smith contends that the District Court erred when it found that his property was in violation of the statute, that the court improperly denied his motion for relief from judgment and that the Town of Mount Desert improperly withheld evidence. The Town in turn contends that the District Court erred when it refused to award the Town attorney fees. We affirm.

[¶ 2] This case arises from a dispute about the manner in which Smith has used a certain plot of land he owns in the Town of Mount Desert. Since late 1994, the Town has alleged that Smith's property, which contains large amounts of personal property on it, including vehicles in various states of disrepair, metal drums, piping, lumber, scrap metal, TV antennas, styrofoam, old plumbing supplies, and old appliances, was in violation of the junkyards and automobile graveyards statute. When Smith learned of the Town's concerns, he made efforts to resolve the problem, but was never able to do so to the Town's satisfaction. As is apparent from the record, Smith and the Town differed markedly in their interpretation of the statute, with the result that they were never able to agree upon just which items should be removed from the land in order to bring it into compliance with the statute.

[¶ 3] By July of 1996, the Town apparently concluded that Smith's voluntary efforts to clean up his lot would not eliminate the problem. Over the next four months, the Town sent Smith three notices of violation, each of which gave Smith a month to resolve the problem. As each deadline passed, a new notice of violation was sent to Smith, until the third and final notice, which warned Smith that the Town would take legal action if he did not clean his property to the Town's satisfaction by October of 1996. Smith continued to assert that the statute did not apply to the bulk of his property. Consequently, though he had removed numerous items from his lot, when a Town selectman visited the property in the fall of 1996, she saw scrap wood and metal, bed springs, piping, windows, pails, styrofoam, bicycles, barrels, and three vehicles that appeared to her to be unserviceable. Most of these items appeared to her to be old, worn out and worthless.

[¶ 4] After the last deadline passed, the Board of Selectmen authorized legal action against Smith for the "autograveyard and junkyard violations." The Town filed a Land Use Citation and Complaint pursuant to M.R. Civ. P. 80K. The complaint alleged that Smith was maintaining an automobile graveyard and a junkyard without a permit and that the Town could not issue a permit because the property was located "within 300 feet of Acadia National Park and within 100 feet of private water supplies." The Town sought a civil fine as well as costs and fees. At the conclusion of a hearing, the District Court entered judgment against Smith.[1] Smith appealed to the Superior Court, which affirmed the District Court's judgment in its entirety, including the District Court's denial of attorney fees to the Town. Smith now appeals to this Court. The Town cross-appeals on the issue of attorney fees.

[¶ 5] "When the Superior Court has acted as an intermediate appellate court, we review the District Court's decision directly." *Smith v. Welch*, 645 A.2d 1130, 1131 (Me.1994). The District Court's " factual findings will stand unless there is no competent evidence in the record to support them." *Town of Pownal v. Emerson*, 639 A.2d 619, 620 (Me.1994). We review questions of law *de novo. See, e.g., Banks v. Maine RSA # 1*, 1998 ME 272, ¶ 4, 721 A.2d 655, 657 (1998).

[¶ 6] Smith's primary argument on appeal is that, as a matter of law, the statute does not apply because his land does not contain any items that can be objectively described as discarded, scrap, worn out or junked.[2] Smith believes that the statute, as applied by the trial court and the Town, is vague because it bases its definitions upon the common and inherently subjective prejudice of the majority of townspeople rather than upon a truly objective measure. In our recent decision in *Town of Pownal v. Emerson*, 639 A.2d 619 (Me.1994), we rejected a similar argument. *See id.* at 621. Smith has given no reason why we should depart from that precedent. *See Irish v. Gimbel*, 2000 ME 2, ¶ 5, 743 A.2d 736, 737; *Trask v. Automobile Insurance Co.*, 1999 ME 94, ¶ 9, 736 A.2d 237, 239; *Myrick v. James*, 444 A.2d 987, 997 (Me.1982). *Town of Pownal* therefore controls this case. Smith's remaining contentions on appeal do not merit discussion.

[¶ 7] We next turn to the Town's assertions of error. The District Court found that it would be unjust to award attorney fees. The Town contends that this finding was erroneous and that the Town should, as a matter of law, have been awarded fees and costs. Because the

---

1. The court assessed an $11,200 fine and ordered that Smith not "establish, operate or maintain an unpermitted automobile graveyard and/or junkyard in the Town of Mount Desert." The court also denied the Town's request for fees and costs.

2. The statutory definition of junkyards refers to personal property that is discarded, scrap, worn out or junked. *See* 30–A M.R.S.A. § 3752(4) (1996).

Town is challenging the District Court's judgment, it was required to file a cross-appeal in order to preserve the issue. *See Bourgoin v. J.P. Levesque & Sons,* 1999 ME 21, ¶ 8, 726 A.2d 201, 203. The record reveals that the Town failed to file a cross-appeal from the District Court to the Superior Court. The Town did, however, properly file such a cross-appeal from the Superior Court to this Court.

[¶ 8] We have never been called upon to decide the effect on our jurisdiction of the failure to file a cross-appeal from the District Court to the Superior Court. We hold that the timely filing of a cross-appeal to this Court cannot cure the failure to cross-appeal to the Superior Court. The failure to file a cross-appeal prevents the Superior Court from acquiring jurisdiction over the cross-appeal. *See Remick v. Erin, Inc.,* 414 A.2d 896, 897 (Me.1980). The Superior Court therefore lacked jurisdiction to consider whether the District Court erred in its resolution of the Town's claim for fees and costs. The cross-appeal to this Court does not correct the procedural defect that occurred in the Superior Court. Although the Superior Court erred in reaching the merits of the Town's contentions with respect to fees and costs, we need not vacate because the end result is correct.

The entry is:

Judgment affirmed.