2001 ME 131

Darby J. COSTA

v.

Adam W. VOGEL.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 28, 2001.

Decided: Aug. 8, 2001.

Jane S.E. Clayton, Vafiades, Brountas & Kominsky, Bangor, Maine, for the plaintiff.

Martha J. Harris, Paine, Lynch & Harris, Bangor, Maine, for the defendant.

Panel: WATHEN, C.J. and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Adam W. Vogel, defendant in an action to determine parental rights and responsibilities, appeals from a judgment entered in the Superior Court (Penobscot County, *Hjelm, J.*) affirming that part of a judgment entered in the District Court (Bangor, *Russell, J.*) granting primary physical residence of the couple's minor child, Kalvin, to Plaintiff Darby J. Costa.[1]

---

1. Defendant also argues on appeal that the Superior Court correctly vacated an award of attorney fees to plaintiff and that the District Court erred in requiring him to maintain health insurance for his son. Neither issue is before us. Vogel appealed the issue of attor-

Vogel argues that the award of primary residence was in error, based on the factors enumerated in 19–A M.R.S.A. § 1653(3) (1998 & Supp.2000). Finding no error, we affirm the judgment.

[¶ 2] The facts may be summarized as follows: Adam W. Vogel and Darby J. Costa are unmarried persons who lived together for almost thirteen years before they separated in 1999. They are the parents of Kalvin Costa–Vogel, born August 8, 1994. After separating, Costa filed a complaint seeking a determination of parental rights and responsibilities. Vogel moved to dismiss Costa's complaint and counterclaimed for determination of parental rights and responsibilities. The District Court entered a judgment and ordered, *inter alia*, shared parental rights with primary residence awarded to Costa. Vogel appealed to the Superior Court, which affirmed the judgment as to parental rights, responsibilities, and primary residence. Vogel now appeals to us.

[¶ 3] Vogel contends that the trial court abused its discretion, ignored evidence, and substituted its understanding of child development for an individualized assessment of Kalvin's situation. Based on testimony that showed Kalvin was "happy and well adjusted," Vogel submits that the court "clearly erred" in determining the best interests of the child with reference to the parties' prior arrangements for Kalvin's shared residence. We disagree.

[¶ 4] We review directly the judgment of the District Court when the Superior Court has presided as an intermediate appellate court. *Hinkley v. Hinkley*, 2000 ME 64, ¶ 7, 749 A.2d 752. "The [trial] court's decision regarding the best interests of the child is entitled to substantial deference and its findings will stand unless clearly erroneous." *Id.* To determine the best interests of the child, the trial court must act as a "competent and cautious guardian of the child's interest and determine what parental rights arrangements will serve that interest." *Id.; see also* 19–A M.R.S.A. § 1653(3) (1998 & Supp.2000); *Rodrigue v. Brewer*, 667 A.2d 605, 606 (Me.1995).

[¶ 5] In contradiction to Vogel's argument, the record reveals that the District Court focused on Kalvin and his best interests. The court specifically noted that the child should not be "yawed back and forth with one set of rules at one house, and one bedtime at one house, and one set of rules in the other house." The record reveals Kalvin's occasional confusion about his residence on a particular day, and the court acknowledged that Kalvin's confusion from repetitive transitions "is understandable and a valid concern." The court concluded that the "major bone of contention is the number of transitions that the child is required to make between homes, particularly during the school week" and ordered primary residence to Costa.

[¶ 6] Beyond the question of residence, the court concluded that shared parenting was appropriate and awarded extensive contact rights to Vogel which included:

ney fees to the Superior Court, and the Superior Court vacated the award. Although we review the District Court directly, the appeal is from the Superior Court judgment. Costa, the nonprevailing party at the Superior Court level on this issue, did not cross-appeal. Thus, the issue of attorney fees is not properly preserved for our consideration of the merits. *Cf. Town of Mount Desert v. Smith*, 2000 ME

88, ¶ 8, 751 A.2d 445 (finding that Town failed to properly preserve issue of attorney fees because, although it properly filed cross-appeal at Superior Court level, it failed to file cross-appeal at District Court level). Nor is the issue concerning health insurance preserved because Vogel failed to raise this issue in his appeal to the Superior Court. *See id.*

alternating weekends from Friday at 5:00 p.m. until Sunday at 6:00 p.m. (and until Monday at 6:00 p.m. when Kalvin does not have school and Vogel does not have to work); five weeks during the summer; four holidays alternating on even- and odd-numbered years; half of the Christmas/holiday school vacation, alternating on even- and odd-numbered years; either the winter or spring school vacation, alternating on even- and odd-numbered years; two hours on Kalvin's birthday; Father's Day; any day (and the prior evening) that Kalvin does not have school and that Costa has to work; one overnight per week prior to a school day until Kalvin reaches age eight; and after reaching age eight, the school nights would be expanded to include every night prior to a school day on which Costa is required to work (but not excluding reasonable opportunity for care or contact with grandparents and other extended family). Reasonable telephone contact was granted to both parties. In explaining the expanded contact on school nights, the court noted, "Age eight is selected based upon the court's general understanding of child development, that children are better able to adapt to change after that age."

[¶ 7] The court was explicitly authorized by 19–A M.R.S.A. § 1653(3)(E) to consider the stability of Kalvin's living arrangements. By ordering shared parenting and extensive rights of contact, the court acknowledged the parties' success in parenting Kalvin. The court committed no error, clear or otherwise, in considering Kalvin's need for stability and predictability with respect to his living arrangements.

The entry is:

Judgment of the Superior Court affirmed.