2008 ME 158

## CAMDEN NATIONAL BANK

v.

## William M. PETERSON.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2008.
Decided: Oct. 16, 2008.

George T. Dilworth, Esq., M. Katherine Lynch, Esq., McCloskey, Mina & Cunniff, LLC, Portland, ME, for William M. Peterson.

Michael S. Haenn, Esq., Bangor, ME, for Camden National Bank.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] William M. Peterson appeals from a summary judgment entered in the District Court (Wiscasset, *Tucker, J.*) in favor of Camden National Bank on the Bank's complaint for a judgment of foreclosure and sale. Peterson contends, pursuant to the principles of res judicata, that the Bank's claim is barred by a prior foreclosure action between the parties. *See Camden Nat'l Bank v. Peterson (Camden I)*, 2008 ME 85, 948 A.2d 1251. Peterson further contends that the District Court's entry of a summary judgment in favor of the Bank was improper because Peterson raised genuine issues of material fact concerning the (1) the adequacy of notice of the delinquency of payments under the mortgage, and (2) Peterson's opportunity to cure those payment deficiencies.[1] We agree with Peterson that genuine issues of fact exist as to the notice afforded Peterson and his right to cure. We vacate the

---

1. Peterson also contends that the second mortgage contract is invalid. Because Peterson failed to raise the issue of the validity of the mortgage before the trial court, however, we cannot address the merits of that argument on appeal. *See Landmark Realty v. Leasure*, 2004 ME 85, ¶ 10, 853 A.2d 749, 751.

judgment and remand to the District Court.

## I.  FACTS AND PROCEDURE

[¶ 2]  This case involves the Bank's foreclosure on the second of two mortgages granted by Peterson.  Peterson obtained a residential loan from the Union Trust Company on May 31, 2005.[2]  In exchange, Peterson signed a single promissory note for $885,000 and granted the Bank two mortgages: the first mortgage, in the amount of $885,000, encumbered Peterson's primary residence, located at 48 Jones Point Road in South Bristol, and the second mortgage, in the amount of $250,000, encumbered an abutting parcel of unimproved land known as Lot 5A.

[¶ 3]  The Bank filed a complaint for foreclosure against Peterson on October 6, 2006.  In it, the Bank specifically referenced only the first mortgage and Peterson's primary residence.  The District Court granted the Bank's motion for summary judgment and issued an order of judgment and foreclosure in favor of Camden National Bank. *Camden I*, 2008 ME 85, ¶ 9, 948 A.2d at 1255.  Peterson appealed, and we vacated the order after determining that genuine issues of material fact remained regarding the notice of the deficiency and Peterson's right to cure that deficiency. *Id.* ¶¶ 11, 28–29, 948 A.2d at 1255, 1259.

[¶ 4]  The Bank brought this second action against Peterson on July 30, 2007.  The second complaint for foreclosure referenced the second mortgage encumbering Lot 5A, the property abutting Peterson's residence.  The second complaint also alleged that the outstanding amount due on the note and the second mortgage was the full $885,000 of the promissory note.[3]

[¶ 5]  The Bank filed a motion for a summary judgment on the second complaint.  The District Court granted the Bank's motion and entered an order and judgment of foreclosure on January 29, 2008.  Peterson filed this appeal.

## II.  DISCUSSION

■ [¶ 6]  Peterson contends that the court erred in granting the Bank's motion for summary judgment because the Bank's second foreclosure action against Peterson was barred by the first foreclosure action pursuant to the doctrine of res judicata.  Specifically, Peterson argues that claim preclusion bars the Bank from bringing a second foreclosure complaint when, as here, the parties to the two actions are identical, a valid final judgment was entered in the first action, and the Bank had the opportunity to fully and fairly litigate the issues in the first action, namely, the recovery for default on the promissory note given by Peterson to the Bank for $885,000. *See Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 8, 940 A.2d 1097, 1099.  We disagree.

[¶ 7]  Although this foreclosure action involves only one promissory note given by Peterson to the Bank, it deals with a mortgage contract that is separate and distinct from the mortgage involved in the *Camden I* action. *See Portland Water Dist.*, 2008 ME 23, ¶ 8, 940 A.2d at 1100 (discussing the requirements for the application of the transactional test to a res judicata analysis).  Because this case involves the foreclosure on the second of two mortgages given by Peterson to the Bank, res judica-

---

**2.**  Camden National Bank is the successor by merger to Union Trust Company.

**3.**  Although the second mortgage secured an amount of $250,000, no loan in that amount was ever made.

ta does not bar the Bank from pursuing the foreclosure.

[¶ 8] Peterson next contends that he has raised genuine issues of material fact concerning the adequacy of the notice of Peterson's delinquency of payments under the note and Peterson's opportunity to cure that deficiency. In awarding a summary judgment to the Bank, the District Court did not specifically address Peterson's argument that the notice of deficiency and the right to cure was inadequate. Therefore, we must assume that the District Court made all the factual findings necessary to support the judgment as long as those findings are supported by record evidence. *See Millien v. Colby Coll.*, 2005 ME 66, ¶ 15, 874 A.2d 397, 404.

[¶ 9] The evidence in the record on the Bank's motion for a summary judgment includes a letter from the Bank to Peterson dated September 1, 2006, which the Bank contends provides notice to Peterson of the deficiency and of the right to cure within thirty days. That letter states at the top: "Loan Account # 7606036, Sum Now Due: $4,571.35, Collateral: Property located in South Bristol, Maine at 48 Jones Point." In the first foreclosure action, the Bank contended that this same notice was adequate notice to Peterson of deficiency and the right to cure pursuant to 14 M.R.S. § 6111(3)(B) (2007). We disagreed, concluding that there was at least a genuine issue of material fact as to whether the Bank had given proper notice of the mortgage default and the right to cure, particularly as to the Bank's proof that such a notice was given by the Bank in compliance with section 6111(3)(B). *Camden I*, 2008 ME 85, ¶ 28, 948 A.2d at 1259.

[¶ 10] In this case, Peterson concedes that because this mortgage is on land only, and is not secured by a residential property, the statutory duty created by section 6111(3)(B) requiring that the mortgagee provide a notice of deficiency and a thirty-day right to cure does not apply. The mortgage contract itself, however, imposes on the mortgagee Bank the following requirements:

Lender may require immediate payment in full under this Section 22 only if all of the following conditions are met:

. . . .

(b) Lender sends to me, in the manner described in Section 15 above, a notice that states:

(1) The promise or agreement that I failed to keep;

(2) The action that I must take to correct the default;

(3) A date by which I must correct the default. That date must be at least 30 days from the date on which the notice is given;

(4) That if I do not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another Person may acquire the Property by means of foreclosure and sale;

(5) That if I meet the conditions stated in Section 19 above, I will have the right to have Lender's enforcement of this Security Instrument discontinued and to have the Note and this Security Instrument remain fully effective as if immediate payment in full had never been required; and

(6) That I have the right in any lawsuit for foreclosure and sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have.

[¶ 11] The fact that the notice given by the Bank was not sufficient pursuant to 14 M.R.S. § 6111(3)(B), *see Camden I*, 2008 ME 85, ¶¶ 20–29, 948 A.2d at 1257–59,

does not necessarily mean that the notice could not have been sufficient under the terms of the Bank's mortgage contract with Peterson. At a minimum, however, the notice should have included the name of the property that was subject to foreclosure. In this action, the property secured by the mortgage being foreclosed is *not* 48 Jones Point Road, but rather Lot 5A. Even without the applicability of section 6111(3)(B), there is at least a genuine issue of material fact as to the adequacy of that notice pursuant to the terms of the mortgage contract. The notice was given as a notice of delinquency and a right to cure pursuant to the notice requirement set out in the second mortgage contract. That notice, however, described the property secured by the first mortgage, not the property secured by the second mortgage. Accordingly, summary judgment was improperly entered.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.