STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. RE-12-152


BAYVIEW LOAN SERVICING, LLC,

      Plaintiff,


      v.                                                    **ORDER**


MARK C. JACOBSEN, in his capacity
as co-personal representative of the ESTATE
of CRAIG L. JACOBSEN, et al.,

      Defendants.



      J.P. Morgan Chase Bank, N.A. filed this foreclosure action after a mortgage granted to Craig L. Jacobsen went into default following his death. Bayview Loan Servicing, LLC ("Bayview"), has since acquired the loan from J.P. Morgan Chase and has been substituted as Plaintiff. The mortgage, dated October 14, 2005, was originally granted to Washington Mutual Bank, F.A. and recorded at the York County Registry of Deeds at Book 14649, Pages 863-882. Mark and Heidi Jacobsen, co-personal representatives of Craig Jacobsen's estate, have been substituted as Defendants.

      A hearing was held on March 19, 2015. A representative from Bayview, Terrence Schonleber, testified. Mark Jacobsen also testified. The Defendants objected to the admission of several exhibits. Exhibits 4 and 5 are two copies of the same notice of default that were purportedly mailed to different addresses and Exhibit 6 is a system print-out with the payoff amount due on the loan. The court accepted the exhibits

conditionally, took the matter under advisement, and instructed the parties to submit briefs on the admissibility of each exhibit.

At the hearing, Mr. Schonleber testified about the recordkeeping and business practices at Bayview. The court finds Mr. Schonleber credibly testified that he was familiar with Bayview's recordkeeping and business practices and the processing system known as "MSP," which Bayview utilizes to track loan data and generate payoff printouts like those depicted in Exhibit 6. He testified he was generally aware that MSP was also utilized by the prior loan servicer, J.P. Morgan Chase. He was unable, however, to testify from personal knowledge as to the actual recordkeeping practices at J.P. Morgan Chase beyond the fact the business also uses the MSP processing system. Mr. Schonleber conceded that the accuracy of the records kept and maintained by Bayview would depend on the accuracy of J.P. Morgan Chase's records, and he had no personal knowledge of how the records were kept and whether they were accurate. Because Mr. Schonleber could only speculate as to how J.P. Morgan Chase kept the records and whether they were accurate, he was not a custodian or qualified witness who can establish the reliability or trustworthiness and thus admissibility of Exhibit 6. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 26-27, 96 A.3d 700; *Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96.

As to Exhibits 4 and 5, the notice standards set forth in 14 M.R.S. § 6111 require the mortgagor occupy the property as a primary residence. The statute does not apply in this case because the default arose only after Craig Jacobsen was deceased and thus no longer occupied the premises. The notice provisions set forth in the mortgage contract, however, remain in force notwithstanding the mortgagor's death. (Ex. 2 ¶ 15.) Exhibits 4

2

and 5 are not accompanied by any proof of mailing and therefore are insufficient to establish notice was provided. Deficient notice is therefore a second, independent ground that precludes judgment for Plaintiff. *See Camden Nat'l Bank v. Peterson*, 2008 ME 158, ¶ 11, 957 A.2d 591 (holding notice requirements set forth in mortgage contract applied independently of 14 M.R.S. § 6111).

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

Judgment for the Defendant.

SO ORDERED.

DATE: May 14, 2015

_____
John O'Neil, Jr.
Justice, Superior Court

RE-12-152

ATTORNEYS FOR PLAINTIFF:
ELIZABETH M YOUNG
LEONARD F MORLEY
WILLIAM B JORDAN
SHAPIRO & MORLEY LLP]
707 SABLE OAKS DRIVE STE 250
SOUTH PORTLAND ME  04106


ATTORNEY FOR DEFENDANT: MARK JACOBSEN CO-PR
THOMAS COX
P O BOX 1314
PORTLAND ME  04104

HEIDI JACOBSEN CO-PR  PRO SE
HEIDI JACOBSEN, CO-PR
259 CAT MOUSAM ROAD
KENNEBUNK ME  04043