## In re MICHAEL V.

Supreme Judicial Court of Maine.

Argued June 12, 1986.
Decided Aug. 1, 1986.

Jonathan C. Hull (orally), Damariscotta, for Clarion L.

James Gallagher, (orally), Damariscotta, for intervenor.

James Tierney, Atty. Gen., Leigh Ingalls, Christopher Leighton (orally), Asst. Attys. Gen., Augusta, for Dept. of Human Services.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Clarion L. appeals from a judgment of the District Court, Wiscasset, terminating her parental rights with respect to her son, Michael V. She contends that the court improperly refused to allow her psychologi-

cal expert to examine Michael and that the examination was necessary to defend against the petition for termination of parental rights. Because we agree that the District Court improperly refused to permit the psychological examination, we vacate the judgment.

The facts in this case are not in dispute. Michael V. first entered foster care in January 1982, when he was five years old, and has remained in foster care since that time. Michael's mother had failed in all reunification attempts planned by the Department. In May of 1985 the Department filed a petition to terminate parental rights. Clarion filed a motion pursuant to 22 M.R.S.A. § 4007(3) [1] for a psychiatric examination of Michael to be used in her defense against the petition. Clarion was aware that Michael had been examined by the Department's psychological expert and that the Department would use the expert's testimony in support of the petition. The District Court denied the motion, and the Department did present evidence of Michael's psychological state at the termination hearing.

The Department maintains that Clarion L. did not make the showing of necessity required by the statute before a court may order the psychological examination. Specifically, the Department claims that Clarion made no showing that the examination was necessary because the Department's psychological expert had examined Michael and found no serious emotional problems and because Clarion had access to the Department's report and did not demonstrate that it was wrong. We disagree with both arguments of the Department. The Department had filed a petition for termination of parental rights, which Clarion L. opposed, and the Department took an adversarial stance against her. The Department had allowed its expert to examine Michael, and Clarion had reason to believe

that the psychological profile of Michael would be used against her in the termination proceeding. These facts alone demonstrate by the clear and convincing standard the necessity for a psychological examination of Michael by Clarion's own expert witness. This need stems from her fundamental liberty interest in the care and custody of her son and her right to a fundamentally fair procedure in defending that interest. *See Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

The entry is:

Judgment vacated.

Remanded to the District Court for further proceedings consistent with the opinion herein.

---

**1.** Title 22 M.R.S.A. § 4007(3) provides:
   **Motion for examination.** At any time during the proceeding, after a clear and convincing showing of the necessity for information that cannot be obtained by other means, a court may order that a child, parent, person frequenting the household or having custody at the time of the alleged abuse or neglect be examined by a physician, psychologist or psychiatrist.