## In re JOSEPH B. et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 10, 1994.

Decided June 6, 1994.

Weston Baker, Lewiston, for appellant.

Deanna L. Staples, Anita St. Onge, Asst. Attys. Gen., Dept. of Human Services, Augusta, for appellees.

Michelle A. Small, Linnell, Choate & Webber, Auburn, Guardian Ad Litem.

Mary Anne Smith, Norway, for mother.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

Edward B. appeals from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) affirming a judgment entered in the District Court (Lewiston, *Scales, A.R.J.*) that found his children, Joseph and Christina, in need of protection. *See* 22 M.R.S.A. §§ 4031–4039 (1992 & Supp. 1993). He contends that the District Court erred in concluding that a prior divorce judgment did not bar the child protection proceeding on the ground of *res judicata.* We affirm the judgment.

On January 3, 1991, Joanne B., the mother of Joseph and Christina, filed a complaint for protection from abuse pursuant to 19 M.R.S.A. § 764 (Supp.1993), alleging that her husband, Edward, from whom she was then separated, had physically and sexually abused Christina. The complaint documented incidents that allegedly occurred during unsupervised visits with Edward. It was consolidated with the parties' divorce action, and in the judgment resulting from that consolidated case dated April 30, 1991, the court expressly determined that there was insufficient evidence of abuse.

On April 9, 1992, Joanne filed a child protection petition pursuant to 22 M.R.S.A. § 4032 (1992), again alleging sexual abuse of the children by Edward. She and three other individuals filed affidavits in support of the petition. Neither the petition nor the affidavits gave a time frame for the alleged abuse, but the children have had no visitation with Edward since May 15, 1991.

Edward filed a motion to dismiss the petition, contending that it raised the same alleged incidents that the divorce court had previously deemed unsupported. The court denied the motion on the ground that 22 M.R.S.A. § 4031(3) (1992) required it to consider and act on child protection petitions regardless of other orders affecting the children's care and custody. The court ultimately entered a judgment finding the children in need of protection and prohibiting Edward from contact with them until he satisfactorily completed a program for sexual perpetrators. The Superior Court affirmed the judgment, and this timely appeal followed.

When the Superior Court acts as an intermediate appellate tribunal, we review the decision of the District Court directly. *Department of Human Servs. v. Roy,* 585 A.2d 813, 816 (Me.1991). The effect of the prior judgment on this action is a question of law for the court. *Currier v. Cyr,* 570 A.2d 1205, 1207–08 (Me.1990).

Pursuant to 22 M.R.S.A. § 4031(3).

The court shall consider and act on child protection petitions regardless of other decrees regarding a child's care and custody.... [T]he court shall make an order on the child protection petition in accordance with this chapter. That order takes precedence over any other prior order regarding the child's care and custody.

Edward contends that the court would have satisfied the "consider and act on" requirement by fully examining the prior proceeding for the purpose of applying the defense of *res judicata.* We disagree.

The plain, common, and ordinary meaning of the statutory language controls the interpretation of section 4031(3). *Caron*

*v. Maine School Admin. Dist. No. 27*, 594 A.2d 560, 562 (Me.1991). Section 4031(3) clearly directs that a court presented with a child protection petition need not follow existing orders that affect the child's care and custody. Contrary to Edward's assertion, the statute makes no distinction between previous proceedings in which child jeopardy issues were litigated and those in which they were not. Accordingly, the court correctly determined that the decision in the prior protection from abuse proceeding did not bar its consideration and resolution of the child protection action. In this case we need not decide whether section 4031(3) bars the application of the defense of *res judicata* to a decision on a prior child protection petition filed pursuant to section 4032.

The entry is:

Judgment affirmed.

All concurring.