**In re ROBIN T., et al.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1994.

Decided Dec. 15, 1994.

client; (12) awards in similar cases." *Poussard,* 479 A.2d at 884.

Edward Rabasco (orally), Dionne, Gosselin & Dubord, Nicholas K., Jr. (orally), Lewiston, for appellant.

Peter J. Malia (orally), Asst. Atty. Gen., Augusta, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Nicholas K. Jr., father of seven named children and stepchildren, appeals from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) affirming the District Court's (Lewiston, *Beliveau, J.*) issuance of a Child Protection Order pursuant to 22 M.R.S.A. § 4001 (1992). On appeal the father claims that by improperly admitting hearsay statements of one of his daughters, Kristina K., and erroneously denying his request that she be examined by a psychologist, his due process rights were violated. In addition he contends that *res judicata* bars the admission of evidence relating to his abuse of Kristina K. Finding no error, we affirm the judgment.

The relevant facts may be summarized as follows: The Department of Human Services filed petitions for child protection orders in the District Court on behalf of Nicholas K. Jr.'s children and stepchildren. The petition alleged that recent allegations of sexual abuse committed by the father, coupled with his history of committing sexual abuse, place the children in circumstances of jeopardy due to the threat of sexual abuse.

The court heard three days of testimony during which both a licensed clinical social worker and the mother testified regarding Kristina K.'s statements to them that she had been sexually abused by her father. No objection was made by the father. The court found that the health and welfare of the children was in jeopardy, pursuant to 22 M.R.S.A. § 4036 (Supp.1993), and entered a dispositional order denying the father unrestricted involvement with his children and stepchildren. The father appealed the District Court's order to the Superior Court. The Superior Court affirmed and he now appeals.

■ The father argues that by admitting and relying on the hearsay statements of Kristina K., the court violated his constitutional right to due process. In the absence of an objection, we review the evidentiary ruling of the trial court only for obvious error. *Gonthier v. Horne,* 576 A.2d 745, 747 (Me.1990). The admission of hearsay statements of a child is authorized by 22 M.R.S.A. § 4007(2) (1992), that provides in part: "The court may admit and consider oral or written evidence of out-of-court statements made by a child, and may rely on that evidence to the extent of its probative value."

In *In re Charles Jason R., Jr.,* 572 A.2d 1080, 1082 (Me.1990), we held that 22 M.R.S.A. § 4007(2) satisfies the requirements of due process set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). We specifically noted that the risk of an erroneous deprivation of a private interest is rendered constitutionally acceptable by the requirement that the court rely on a child's hearsay statement "only 'to the extent of its probative value.'" *In re Charles Jason R. Jr.,* 572 A.2d at 1081. Contrary to the father's contention, we did not impose a requirement that a court must find, on the record, that a child's hearsay statements have certain indicia of reliability in order to satisfy the requirements of due process. Here, we find no obvious error and no violation of the father's due process rights resulting from the court's consideration of the daughter's out-of-court statements in accordance with the statute.

■ Relying on our opinion in *In re Michael V.,* 513 A.2d 287 (Me.1986), the father next asserts that the court's failure to order a psychological examination of Kristina K. represents a violation of his due process rights. That case involved the termination of parental rights and does not establish a parent's constitutional right to such an examination in a child protection proceeding. In such a proceeding, involving care and custody, a motion for examination pursuant to 22

M.R.S.A. § 4007(3) (1992) [1] is left to the discretion of the court and we review only for an abuse of discretion. *See In re Shane T.*, 544 A.2d 1295 (Me.1988).

The father claims that an examination of Kristina K. was required to "determine whether Kristina's hearsay statements were reliable," because "[a]n expert hired by [defendant] could have provided the Court with relevant evidence on the reliability of Kristina's alleged statement." We have held that the fact that a party calls a victim's credibility into question is insufficient justification for psychological testing, because credibility is for the fact finder to determine. *State v. Walker*, 506 A.2d 1143, 1148 (Me.1986). The determination of whether Kristina's "mental condition" was in controversy, or whether Nicholas K. Jr.'s objective was simply to attack the credibility of her disclosures of sexual abuse, is within the sound discretion of the trial court and the refusal to grant the father's request does not represent an abuse of that discretion.

■ The father next asserts that the doctrines of *res judicata* or collateral estoppel precluded the court from allowing testimony regarding the alleged abuse of Kristina K. because these allegations had previously been considered and rejected in other petitions seeking protection from abuse. The controlling statute, 22 M.R.S.A. § 4031(3) (1992) [2] refutes his contention, and we have held that it "clearly directs that a court presented with a child protection petition need not follow existing orders that affect the child's care and custody." *In re Joseph B.*, 642 A.2d 1337, 1339 (Me.1994). Consequently, *res judicata* and collateral estoppel are inapplicable in this case and there was no error in the court's evidentiary ruling.

The remaining issues raised by the father are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.

---

1. 22 M.R.S.A. § 4007(3) (1992) provides:
   **3. Motion for Examination.** At any time during the proceeding, the court may order that a child, parent, alleged parent, person frequenting the household or having custody at the time of the alleged abuse or neglect, any other party to the action or person seeking care or custody of the child be examined pursuant to the Maine Rules of Civil Procedure, Rule 35.

   Maine Rules of Civil Procedure, Rule 35 provides:
   **(a) Order for Examination.** When the mental or physical condition (including blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a licensed physician or a mental examination by a licensed psychologist, or to produce for examination the person in the party's custody of legal control. The

order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

2. 22 M.R.S.A. § 4031(3) (1992) provides:
   The court shall consider and act on child protection petitions regardless of other decrees regarding a child's care and custody. The requirements and provisions of Title 19, chapter 16, the Uniform Child Custody Jurisdiction Act, do not apply to child protection proceedings. If custody is an issue in another pending proceeding, the proceedings may be consolidated in the District Court, with respect to the custody issue. In any event, the court shall make an order on the child protection petition in accordance with this chapter. That order takes precedence over any other prior order regarding the child's care and custody.