MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 97
Docket:        Ken-16-423
Submitted
  On Briefs:   February 23, 2017
Decided:       May 18, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE PAIGE L.

ALEXANDER, J.

[¶1]  The Legislature enacted 22 M.R.S. § 4036(1-A) (2016) authorizing a court that has made a finding of jeopardy in a title 22 child protection proceeding to "enter an order awarding parental rights and responsibilities" pursuant to 19-A M.R.S. § 1653 (2016), "if the court determines that the order will protect the child from jeopardy and is in the child's best interest."  A title 19-A parental rights and responsibilities order can provide more permanent protection for a child when, as in this case, at least one parent is fit to care for the child.

[¶2]  Section 4036(1-A)(A) provides that when, "upon request of a parent," a court presiding over a child protection proceeding determines that entry of a parental rights and responsibilities order is appropriate, the court "shall direct the clerk to open a family matters case on behalf of the parties . . . without a separate initial filing by the parties."  The trial court in this case did

not direct the opening of a family matters case, instead it amended the parental rights and responsibilities order that had been issued in the parties' divorce judgment three years earlier and that was in effect at the time of the jeopardy hearing.  In this appeal, we address the application of section 4036(1-A) to preexisting parental rights orders.

[¶3]  The father of Paige L. appeals from a judgment entered in the District Court (Augusta, *E. Walker, J.*) after a jeopardy hearing was conducted pursuant to 22 M.R.S. § 4035 (2016).  The court's initial jeopardy judgment dismissed the child protection action and awarded sole parental rights over the child to the mother by amending a preexisting parental rights and responsibilities order pursuant to section 4036(1-A).  *See* 22 M.R.S. § 4036(1-A)(D-1)(1).  Then, in response to a motion for findings of fact and conclusions of law filed by the father, the court made a specific finding that the father created circumstances of jeopardy for his child.  The father also appeals from the court's order on his motion for findings of fact and conclusions of law and the denial of his motion to alter or amend the amended judgment.

[¶4]  The father argues that the court erred by (i) improperly admitting child hearsay testimony and evidence of prior incidents of abuse at the jeopardy hearing, (ii) failing to clearly explain what would constitute a future

substantial change of circumstances in the initial amended order, and (iii) denying his motion to amend the amended judgment in the family matter. Because competent evidence in the record supports the court's finding of jeopardy, and because the court did not abuse its discretion by amending the preexisting parental rights and responsibilities order pursuant to section 4036(1-A), we affirm.

## I.  PROCEDURAL HISTORY

[¶5]  The mother and father were married in 2009, and Paige was born in January 2010.  The father initiated a divorce action in September 2012, and the parties were divorced by a judgment (*Chandler, M.*) dated April 4, 2013. Pursuant to the divorce judgment, the parties were awarded shared parental rights and responsibilities, the mother was awarded primary physical residence of the child, and the father was awarded contact every weekend "and other times by agreement of the parties."  In July 2013, by agreement of the parties, the court (*Fowle, J.*) granted the mother a final order for protection from abuse against the father.  Although the protection from abuse order was also issued on behalf of Paige, the only substantive change it made to the contact schedule was to name a third party who was to "facilitate" transfers of the child.

4

[¶6] On October 8, 2015, the Department of Health and Human Services (the Department) filed a child protection petition and a request for a preliminary protection order. *See* 22 M.R.S. §§ 4032, 4034 (2016). The Department's petition alleged that the child was in jeopardy in the care of her father based on the father's extensive history of child abuse and recent reports to law enforcement that the father's current wife, a convicted sex offender and a direct caregiver for Paige, had sexually abused her minor children. The petition also asserted that Paige was not in jeopardy in the care of her mother and stated, "The Department is asking that the court provide protection for Paige [L.] by granting [the mother] full custody of Paige to ensure that she can fully protect her daughter from threats of immediate harm by [the father] and [his wife]."

[¶7] The court (*Mullen, J.*) issued a preliminary protection order that day, awarding custody of the child to the mother. That order also provided that the father could have no unsupervised contact with Paige. The father waived his right to have a summary preliminary hearing, and, as a result, that order remained in place for the next four months. *See* 22 M.R.S. § 4034(4).

[¶8] The court (*E. Walker, J.*) conducted a two-day jeopardy hearing in February 2016. At the beginning of the hearing, the Department presented a

proposed order of "nonjeopardy" as to the mother, which the court issued without objection. The court also noted on the record that—if it found jeopardy concerning the father—it could modify the parties' preexisting parental rights and responsibilities order.[1]

[¶9]  The evidence at the jeopardy hearing consisted of testimony from several witnesses including the mother, the father, a detective from the Augusta Police Department, the guardian ad litem, and five social workers, and exhibits including a child's drawing of a wooden paddle, the temporary and final protection from abuse orders against the father, a doctor's report, the father's military discharge paperwork, and a reunification plan.

[¶10]  On April 8, 2016, the court issued a "dispositional" order in the child protection proceeding, and, as authorized by section 4036(1-A), attached an amended parental rights and responsibilities order modifying the parental rights and responsibilities order issued in the divorce judgment. The dispositional order was docketed in the child protection matter. In that order, the court stated only that the "[c]hild is doing well in mother's care and all parties agree that the child is not in Jeopardy in mother's care." The order

---

[1]  By referencing its capacity to modify the parental rights and responsibilities order, the court provided the required notice "that the child protective case may be disposed of through an order awarding parental rights and responsibilities." 22 M.R.S. § 4036(1-A) (2016). The sufficiency of that notice is not an issue in this appeal.

6

contained no finding of jeopardy as to the father. Through the dispositional order, the court also purported to dismiss the child protection action pursuant to 22 M.R.S. § 4036(1-A)(D-1)(1).

[¶11] The amended parental rights and responsibilities order, docketed in the preexisting family matter, awarded sole parental rights and responsibilities to the mother and supervised contact to the father pursuant to 19-A M.R.S. § 1653. The amended order stated that "[i]t shall be a significant change of circumstances if the father addresses the issues that resulted in this Order." Otherwise, the amended order did not contain any findings of fact but noted that it "was entered as part of a disposition in a related matter" after notice and hearing.[2]

[¶12] The father timely filed a motion for findings of fact and conclusions of law and a motion to alter or amend the judgment. *See* M.R. Civ. P. 52(a)-(b), 59. The captions for the father's motions identified the docket number in the child protection matter. In his motion for findings, the father argued that the court had made no findings—oral or written— regarding the father, how the disposition would protect the child from

---

[2] Title 22 M.R.S. § 4036(1-A)(A-1) specifically directs that the parental rights and responsibilities order "may not include reference to or discussion of the child protective case." This is because child protective cases are confidential by statute. *Id*. Because of the confidentiality mandate, this opinion will not address information beyond that which is usually stated in opinions resolving appeals from child protection matters.

jeopardy, or how the disposition was in the child's best interest. The father further argued that the amended order was ambiguous regarding what would constitute a future substantial change of circumstances.

[¶13] The court granted the father's motion for further findings of fact and conclusions of law, but denied his motion to alter or amend the judgment.[3] The court issued four pages of factual findings and found "by a preponderance of the evidence that [the child] would be in jeopardy to her health and welfare if she were returned to the custody of her father." The court further found that the child is not in jeopardy when she is in her mother's care. In addition, the court concluded that awarding the mother sole parental rights and responsibilities and primary residence, and limiting the father to supervised contact based on the overall threat posed to the child by the father, was in the child's best interest. The court also advised:

> Father asks this court for guidance in addressing his issues that resulted in this order so that he may know what the court will view as a "significant change of circumstances" for future purposes. This is a reasonable request and the court probably should have been more specific about this issue in its order. This court would consider it a significant change of circumstances if

---

[3] The Department's brief correctly points out a misstatement of law in the court's post-judgment order: the court stated that it should have conducted a family matters hearing instead of a jeopardy hearing because the Department was not seeking a finding of jeopardy against the mother. However, the jeopardy hearing and the court's action after the jeopardy hearing were appropriate because the father was properly served notice pursuant to 22 M.R.S. § 4035(2)(C) (2016). *See, e.g., In re Alivia B.*, 2010 ME 112, ¶ 2, 8 A.3d 625.

Father were to attend a certified batterer's intervention program and complete at least 26 of the 48 weeks of that program. Additionally, Father needs to attend and complete an assessment with a licensed psychiatrist and abide by any of his or her recommendations for at least 6 months or for a shorter period if the psychiatrist feels that that length of treatment is not needed. Father must take any and all medications prescribed by the psychiatrist if there is such a recommendation. Lastly, Father must take and complete a parenting class so that he can come to appreciate the negative effects his behaviors have had on Paige and appreciate what help she will need in the future to overcome this trauma.

[¶14] The father timely filed a notice of appeal in the child protection matter, 22 M.R.S. § 4006 (2016), but did not file a notice of appeal in the family matter, 19-A M.R.S. § 1652(5) (2016). When the child protection action is dismissed pursuant to 22 M.R.S. § 4036(1-A)(D-1)(1), as occurred in this case, 22 M.R.S. § 4036(1-A)(F) directs that "the court shall terminate the appointments of the guardian ad litem and attorneys for parents and guardians. After the appointments are terminated, the attorneys and guardian ad litem have no further responsibilities to their clients or the court."

[¶15] Despite that language, counsel for the father has appropriately continued to represent him in this appeal, because the appeal is taken from a title 22 jeopardy order. We will address below the complications created for counsel assigned to represent parents in child protection cases when those

cases convert to parental rights and responsibilities cases, where there is no statutory right to assignment of counsel.

## II. FINDINGS BY THE COURT

[¶16]  Responding to the father's motion for findings, the court found the following facts, by a preponderance of evidence, which are supported by competent record evidence.  *See* 22 M.R.S. § 4035(2); *In re Nicholas S.*, 2016 ME 82, ¶ 9, 140 A.3d 1226.

[¶17]  The father was verbally and physically abusive to the mother during the marriage, including punching or hitting the mother on at least ten different occasions.  The father threatened to have the mother followed, to have her tires slashed, to hurt her if she called the police, to make false allegations to the Department to have the child taken away from the mother, and to kill her.  Some of the episodes of domestic violence occurred in the presence of the child.

[¶18]  After the parties divorced, the father disciplined the then-three-year-old child and other children living with him with a wooden paddle.  The father justified paddling the children by referencing his religious beliefs.  He disposed of the wooden paddle while a police investigation was

pending. The father has made derogatory comments to the child such as calling her "fat," "loser," and "bad."

[¶19] In August 2014, the father married a registered sex offender. The father stated that he admired his new wife's honesty in disclosing her conviction and did not consider whether she might pose a danger to Paige because his wife's victim was a male child. Recently, the father's new wife's minor children from a prior relationship have witnessed the father physically assaulting their mother, and they are afraid of the father. Paige has stated that she does not want to visit her father and became upset to the point of hyperventilating at the prospect of a visit.

[¶20] The father has a lengthy criminal record including convictions for assault in 2010 and 2011, violation of a protective order in 2010, and domestic violence assault and violation of conditions of release in 2012. The father claims that he has little or no memory of these crimes.

[¶21] The father admits that he needs anger management counseling and that he did not comply with the Department's reunification plan requiring such counseling because he prefers that his pastor provide counseling services. Despite substantial evidence to the contrary, the father asserted that

"everything was fine" until the fall of 2015, when the current investigation started, and he asserted that the Department is biased against him.

[¶22]   Regarding the mother, the court found that she has resolved some past issues and that her home is safe and secure.  The child is loved in the mother's home.

### III.  LEGAL ANALYSIS

A.      Justiciability of Appeal of Amended Parental Rights Order

[¶23]  On appeal, the father purports to challenge the amended parental rights and responsibilities order issued in the title 19-A proceeding.  A party to a proceeding who wishes to appeal from an order, including an amended order, must file a notice of appeal in the proceeding in which the order issued, here the title 19-A proceeding.  *See In re Melissa T.*, 2002 ME 31, ¶ 5, 791 A.2d 98 (dismissing the mother's appeal challenging a jeopardy order when the mother filed a brief but did not file a notice of appeal); *see also Costa v. Vogel*, 2001 ME 131, ¶ 1 n.1, 777 A.2d 827; *Town of Mount Desert v. Smith*, 2000 ME 88, ¶ 8, 751 A.2d 445 (holding that the timely filing of a cross-appeal to the Law Court will not cure a procedural defect of failing to file a cross-appeal to the Superior Court from a District Court order).

12

[¶24]  The father never filed a notice of appeal in the family matter case, and, ordinarily, the father's attempt at a direct appeal of the modification of the title 19-A parental rights and responsibilities order would be dismissed.

[¶25]  Because the father timely appealed from the jeopardy order in the title 22 proceeding, and because we have not before had the opportunity to provide any guidance on how to address this overlap of titles 22 and 19-A, we will address both the court's order finding jeopardy and its order amending the parental rights and responsibilities order.

[¶26]  Going forward, however, we caution that, in such appeals, the parent—or the parent's counsel—who wishes to challenge a parental rights and responsibilities order issued after a jeopardy finding must appeal from both the title 22 jeopardy order and the title 19-A parental rights and responsibilities order.  That will be required whether the order at issue is entered in a newly opened parental rights and responsibilities case, as contemplated by section 4036(1-A)(A), or amends a preexisting parental rights order, as occurred here.[4]

---

[4]  When a parental rights and responsibilities order is issued as the disposition after an order that cannot be appealed, e.g., a judicial review order, 22 M.R.S. §§ 4006, 4038 (2016), the notice of appeal *must* identify the parental rights order as the order being appealed and must be filed in the parental rights and responsibilities action.

B.    Challenges to Findings of Fact

[¶27]   The court's findings, stated above, are fully supported by competent evidence in the record.  The father argues that the court's factual findings are improperly based on hearsay evidence because the amended order was entered pursuant to 19-A M.R.S. § 1653, and, had the hearing been conducted in a family matters proceeding rather than a jeopardy hearing, child hearsay evidence would have been inadmissible absent the availability of an exception to the hearsay rule.  He also contends that the court improperly considered incidents that occurred prior to the last modification of the parental rights and responsibilities order.[5]

[¶28]  Although the father did not object at the jeopardy hearing to the admission of child hearsay testimony or to the mother's request that the court dispose of the case with a modification of the parental rights and responsibilities order, his argument on appeal is properly presented because his objections would have been overruled in the jeopardy proceeding, where admission of such evidence was proper.

---

[5] The father also argues that the court's factual findings do not support a finding that there was a substantial change of circumstances since the prior modification.  The court's findings that there had been recent domestic violence in the father's home and that the father had married a registered sex offender are sufficient to demonstrate that there had been a substantial change of circumstances.  *See* 19-A M.R.S. § 1657(2)(B) (2016); *see also* 19-A M.R.S. § 1653(3)(R) (2016).

### 1. Child Hearsay Evidence

[¶29]  "All child protection proceedings shall be conducted according to the rules of civil procedure and the rules of evidence, except as provided otherwise in" the Child and Family Services and Child Protection Act, 22 M.R.S. §§ 4001 to 4099-H (2016).  22 M.R.S. § 4007(1) (2016).  "The court may admit and consider oral or written evidence of out-of-court statements made by a child, and may rely on that evidence to the extent of its probative value." *Id.* § 4007(2) (2016); *see In re Kayla S.*, 2001 ME 79, ¶ 7, 772 A.2d 858; *In re Robin T.*, 651 A.2d 337, 338 (Me. 1994).  Upon a finding of jeopardy, the court shall "make a written order of any disposition under section 4036." 22 M.R.S. § 4035(3).  Pursuant to section 4036(1-A), "the court may enter an order awarding parental rights and responsibilities pursuant to Title 19-A, section 1653 if the court determines that the order will protect the child from jeopardy and is in the child's best interest as defined in Title 19-A, section 1653, subsection 3."

[¶30]  Title 22 allows a court to admit child hearsay evidence in a jeopardy hearing and to protect a child from jeopardy by issuing a parental rights and responsibilities order pursuant to title 19-A.  22 M.R.S. §§ 4007(2), 4036(1-A).  Moreover, 22 M.R.S. § 4036(1-A)(A-1) provides that "the court

shall seal and keep confidential any documents from the child protective case that are made a part of the record of the family matters case . . . ."  Thus, the statutory scheme contemplates that a court issuing a parental rights and responsibilities order under these circumstances will rely on its factual findings from the jeopardy hearing, which may be based on evidence that includes child hearsay.  *See In re Jacob C.*, 2009 ME 10, ¶ 9, 965 A.2d 47 (considering the whole statutory scheme so that a harmonious result, presumably the intent of the Legislature, may be achieved).  Therefore, the court did not err in considering statements ascribed to the child when determining, first, that the father created jeopardy for Paige, and, second, that the appropriate disposition was to award the mother sole parental rights and responsibilities.

2.    Consideration of Prior Incidents

[¶31]  "In child protection proceedings, what is past is often prologue regarding the threat of serious harm posed by the parent . . . ." *In re E.A.*, 2015 ME 37, ¶ 9, 114 A.3d 207 (quoting *In re E.L.*, 2014 ME 87, ¶ 14, 96 A.3d 691).  "Evidence of historical behavior is relevant to a finding of jeopardy . . . . [T]he court must consider whether there is *prospective* jeopardy.

And in making that determination, . . . the trial court must consider what has happened in the past." *Id*.

[¶32] Accordingly, the court properly considered evidence of the father's extensive history of domestic violence and abuse toward children in making its jeopardy findings. Even in a hearing on a motion to modify a parental rights order, the evidence could be relevant to the issue of what custody arrangement is in the child's best interest. *See Aranovitch v. Versel*, 2015 ME 146, ¶ 15, 127 A.3d 542 ("Generally, the substantial change inquiry is temporally limited to events following the most recent order governing the children's residential care. However, if the court determines that a substantial change in circumstances has occurred since the most recent order, it may consider events before that order to provide context for evaluating subsequent events, if the pre-order events are relevant to the issue of what parental rights arrangement will further the children's best interests." (citation omitted)).

[¶33] The trial court properly relied on evidence concerning prior incidents when deciding whether the father created jeopardy for Paige and when determining how best to alleviate that jeopardy.

C.      Clarity of Future Substantial Change of Circumstances

[¶34]   The father contends that the court's direction regarding what would constitute a future substantial change of circumstances in the court's amended order is ambiguous, and that the court erred by explaining the provision in the child protection matter instead of in the amended order. Despite the father's claims to the contrary, the court's detailed statement of what would constitute a future change of circumstances was properly stated in the child protection proceeding and provides the requisite clarity for what is expected of the father.

D.      Basis for the Amended Parental Rights Order

[¶35]  The father argues that the court abused its discretion by denying his motion to amend the parental rights and responsibilities judgment because the amended order in the family matter is silent regarding the legal predicates upon which it is based.[6]

[¶36]   The court's amended parental rights order does not include findings of fact or conclusions of law; however, the extensive findings of fact

---

[6] The father also contends that the court's orders should be vacated because section 4036(1-A) "indicate[s] that any post-judgment motions filed under circumstances such as these should be captioned under the family matter docket, and that any order in response to such motions should likewise be issued under the family matter docket number."  Here, the court properly entered the amended order under the family matter docket number.  *See* 22 M.R.S. § 4036(1-A)(A).  The father filed a single post-judgment motion under the child protection docket number, and the court responded accordingly.  Thus, there was no error, and the father's contention is without merit.

18

and conclusions of law that formed the basis of the amended order are contained in the court's post-judgment order in the child protection matter. Because a parental rights and responsibilities order issued pursuant to section 4036(1-A) may not refer to or discuss the originating child protection matter, the court was prohibited from including its findings in the amended parental rights order. *See* 22 M.R.S. § 4036(1-A)(A-1).

[¶37] Turning to the findings of fact and conclusions of law, and recognizing that the court was deciding both whether the State had proved jeopardy and whether the child could be protected from that jeopardy without the continuing need for a child protection order, the court did not expressly state that it was considering each of the factors listed in section 1653(3). The court did, however, state that "the overall revised parental rights and responsibilities order is clearly in [the child's] best interest."

[¶38] Notably, the court's findings relate to nine of the nineteen best interest factors listed in section 1653(3), including the age of the child; the relationship of the child with the child's parents and any other persons who may significantly affect the child's welfare; the preference of the child; the parties' capacities to give the child love, affection, and guidance; the existence of domestic abuse between the parents, in the past or currently; the existence

of any history of child abuse by a parent; the existence of a person residing with the parent who has been convicted of certain sex crimes; whether allocation of some or all parental rights and responsibilities would best support the child's safety and well-being; and all other factors having a reasonable bearing on the physical and psychological well-being of the child.

[¶39]  As noted above, the order issued by the court could best be described as a "hybrid" of a jeopardy order and a parental rights and responsibilities order.  Even if it had been exclusively a parental rights and responsibilities order, however, the court was not required to address each best interest factor in its decision.  *See Nadeau v. Nadeau*, 2008 ME 147, ¶ 35, 957 A.2d 108.  The trial court rather evidently evaluated the evidence with the best interest factors in mind and did not abuse its discretion in reaching its ultimate conclusion.

The entry is:

> The jeopardy order and the amended parental rights and responsibilities order issued pursuant to 22 M.R.S. § 4036(1-A) are affirmed.

Thomas W. Bell, Esq., The Law Office of Thomas W. Bell, Esq., Topsham, for appellant father

Lorne Fairbanks, Esq., Lewiston, for appellee mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Augusta District Court docket number PC-2015-57
FOR CLERK REFERENCE ONLY