MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 13
Docket:        Yor-18-309
Submitted
  On Briefs:   January 17, 2019
Decided:       January 24, 2019

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CHILD OF NICHOLAS G.[1]


GORMAN, J.

[¶1]  Nicholas G. appeals from a family matter judgment entered in the District Court (Biddeford, *Driscoll, J.*) after a judicial review hearing in a child protection matter.  The court dismissed the child protection matter without prejudice, opened a family matter, and entered an order in that family matter that conferred sole parental rights and responsibilities for the child on the child's mother and denied rights of contact to the father, who had been convicted of multiple sex crimes against a child and of possession of sexually explicit materials depicting children.  We dismiss the appeal from the child protection matter and affirm the judgment entered in the family matter.

---

[1]  Although this opinion affirms a family matter decision, that decision was issued to resolve a child protection case involving the child of Nicholas G.  *See* 22 M.R.S. § 4036(1-A) (2017).  In order to continue to protect that child's privacy, we use the naming convention we have adopted for child protection cases.

## I. BACKGROUND

[¶2] The facts are drawn from the procedural record and from the court's findings, which are supported by competent evidence in the record. *See* 22 M.R.S. § 4036(1-A) (2017); *Vibert v. Dimoulas*, 2017 ME 62, ¶ 15, 159 A.3d 325. The child was born in May of 2003. The Department of Health and Human Services petitioned for a child protection order and preliminary protection order in October of 2003 based on serious domestic violence by the father against the mother and her sister. The court (*Foster, J.*) signed an order of preliminary protection on October 2, 2003, placing the child in the custody of the Department.

[¶3] The court (*Janelle, J.*) ordered a trial placement of the child with her maternal grandparents, and in 2004, the court (*Foster, J.*) held a hearing and found that the child was in circumstances of jeopardy with each of her parents. *See* 22 M.R.S. § 4035 (2017). In July of 2006, the court entered an agreed-upon order granting custody to the maternal grandparents and ordering that parental reunification efforts cease and judicial reviews be held only upon motion. *See* 22 M.R.S. § 4038(1-A)(A) (2017).

[¶4] A year later, the father moved for judicial review, seeking visitation rights. In December of 2007, the court (*Mulhern, J.*) held an evidentiary hearing and ordered that any visits with the father be supervised.

[¶5] In April of 2012, during a time of inactivity in the child protection matter, the father was convicted of unlawful sexual contact (Class A), 17-A M.R.S. § 255-A(1)(F-1) (2017), sexual exploitation of a minor under age twelve (Class A), 17-A M.R.S. § 282(1)(C) (2010),[2] visual sexual aggression against a child (Class C), 17-A M.R.S. § 256(1)(B) (2017), and sixty-five counts of possession of explicit material of a minor under age twelve (Class C), 17-A M.R.S. § 284(1)(C) (2010).[3] The father committed the first three charged crimes against a four-year-old girl whom he babysat one night.

[¶6] Four years after his convictions, in March of 2016, the father moved for the appointment of counsel and for judicial review in the child protection matter. The court (*Foster, J.*) appointed new counsel and a new guardian ad litem. Five months later, the father's counsel moved to withdraw on the

---

[2] This statute was amended after the father committed the crime, though not in any way that affects this appeal. *See* P.L. 2015, ch. 394, § 1 (effective July 29, 2016) (codified at 17-A M.R.S. § 282(1)(C) (2017)).

[3] This statute was amended after the father committed the crimes, though not in any way that affects this appeal. *See* P.L. 2011, ch. 50, § 2 (effective April 25, 2011) (codified at 17-A M.R.S. § 284(1)(C) (2017)).

4

grounds that the father and counsel could not agree on how to proceed and that the father had asked that he withdraw. The court granted the motion and appointed new counsel that September. When the court held a case management conference in anticipation of judicial review in April of 2017, the father requested that his recently appointed counsel withdraw and new counsel be appointed. The court granted the motion, though it "could find no fault with the representation [counsel] had provided."

[¶7] A judicial review hearing was scheduled for July 9, 2018. Just before that hearing, on June 22, 2018, the father's counsel moved to withdraw on the grounds that the attorney-client relationship had broken down and that the father was seeking other counsel. The court (*Duddy, J.*), noting a pattern of the father delaying the process through his multiple requests for new counsel, denied counsel's motion to withdraw on June 25, 2018.

[¶8] The father, in a pro se pleading, moved to continue the hearing and to appear by video. As grounds for the motion to appear by video, he asserted that the county jail to which he would have been transported refused to dispense necessary medication and make "disability accommodations," though he offered no description of what specific medication and accommodations he

would lack.  The court denied the motion, stating, "See the Court's order dated 6-25-2018."

[¶9]  Although the court had issued a writ of habeas corpus for the father to testify at the July 9, 2018, hearing, the father refused to be transported and was not present for the hearing.  The court (*Driscoll, J.*) held the judicial review hearing and afforded the father's counsel the opportunity to cross-examine the witnesses—the mother, the fifteen-year-old child, and the GAL—and to present evidence and argument.

[¶10]  The court dismissed the child protection matter without prejudice and opened a family matter in which it entered a parental rights and responsibilities judgment—consented to by all parties except for the father—awarding the mother sole parental rights and responsibilities with no rights of contact for the father.  *See* 22 M.R.S. § 4036(1-A).  The court found that the father had not rebutted the statutory presumption that, due to his convictions, ordering his contact with the child would create a situation of jeopardy and not be in the child's best interest.  *See* 19-A M.R.S. § 1653(6-A)(A)(1), (4), (5), (6-B)(A) (2017).

[¶11]  The father appealed from both judgments. The Department moved to dismiss his appeal from the decision in the child protection matter on the

6

ground that the statute authorizing appeals in such matters, 22 M.R.S. § 4006 (2017), does not authorize an appeal from an order of dismissal. We ordered that the motion be considered with the merits of the appeal and required the parties to "address in their briefs the proper procedure for an appeal from a parental rights order entered in a child protection case and docketed as the initiating document in a family matters case, given that the child protection matter contains the only available record for review on appeal."[4]

## II. DISCUSSION

[¶12] In this opinion, we (A) consider the Department's motion to dismiss; (B) review whether the father, who was found to be indigent, has a right to court-appointed counsel on appeal; and (C) review the court's decision entered in the family matter.

### A. Motion to Dismiss Child Protection Matter

[¶13] In a previous "hybrid" situation in which a court issued both a jeopardy order and an order in a family matter, we held that a notice of appeal must be filed in each matter for the appeal to proceed. *In re Paige L.*, 2017 ME 97, ¶¶ 8-11, 23, 26, 39, 162 A.3d 217. Here, however, the judgment entered in

---

[4] The Department appropriately and successfully moved to seal the appendix given that the proceedings leading up to the entry of the family matter judgment were held in a child protection matter. *See* 22 M.R.S. § 4036(1-A)(A-1).

the child protection matter did not arise from a jeopardy hearing and was not a judgment terminating parental rights or a medical treatment order—the only orders from which title 22 authorizes an appeal. *See* 22 M.R.S. §§ 4006, 4035, 4054, 4071 (2017). The entry of the family matter judgment is authorized by title 22 but is appealable only pursuant to title 19-A. *See* 19-A M.R.S. § 104 (2017); *see also* 22 M.R.S. § 4036(1-A).

[¶14] Thus, although the father challenges the process employed in the hearing in the title 22 matter, it is not an issue that he can raise in a title 22 appeal. *See* 22 M.R.S. §§ 4006, 4038 (2017). As we have said, "When a parental rights and responsibilities order is issued as the disposition after an order that cannot be appealed, e.g., a judicial review order, the notice of appeal *must* identify the parental rights order as the order being appealed and must be filed in the parental rights and responsibilities action." *In re Paige L.*, 2017 ME 97, ¶ 26 n.4, 162 A.3d 217 (citation omitted). The appeal from the child protection matter is, therefore, dismissed. *See* 22 M.R.S. § 4006.[5]

---

[5] The record from the title 22 matter is, however, part of the record on appeal from the title 19-A judgment.

B.	Right to Counsel on Appeal

[¶15]  Given that the child protection appeal has been dismissed, we next consider whether the Department is correct that an indigent parent does not retain the right to court-appointed counsel for the appeal from a family matter judgment entered pursuant to 22 M.R.S. § 4036(1-A).  In contrast to *In re Paige L.*, where we held that counsel for the father "appropriately continued to represent him in th[e] appeal, because the appeal [was] taken from a title 22 jeopardy order," 2017 ME 97, ¶ 15, 162 A.3d 217; *see* 22 M.R.S. § 4005(2) (2017), there is no right of appeal from the title 22 judicial review order entered here, *see* 22 M.R.S. §§ 4006, 4038.  Although some provisions of title 22 may apply, and although the father had the right to counsel for the hearing in the title 22 matter, *see id.* § 4005(2), the appeal here is from a title 19-A judgment, and title 19-A provides no right to counsel.  Thus, the right to counsel will attach only if necessary to ensure due process.

[¶16]  An indigent parent has a due process right, now also codified in section 4005(2), to appointed counsel in a child protection proceeding.  *In re T.B.*, 2013 ME 49, ¶ 14, 65 A.3d 1282; *see Danforth v. State Dep't of Health & Welfare*, 303 A.2d 794, 801 (Me. 1973).  The constitutional right attaches in child protection proceedings because "the full panoply of the traditional

weapons of the state are marshalled against the defendant parents." *Danforth*, 303 A.2d at 799.

[¶17] In the child protection matter, the father had the right to counsel up to and including the time of the entry of the child protection judgment. *See* 22 M.R.S. §4005(2). As we have already discussed, the dismissal of the child protection case is nonappealable. *See id.* § 4006. In order to challenge what resulted from that dismissal, the father may appeal—and has appealed—from the family matters judgment. *See* 19-A M.R.S. § 104. The fact that that judgment was issued pursuant to 22 M.R.S. § 4036(1-A), however, grants him no greater rights than those granted to any parent who appeals from a family matter judgment. *See Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980) (holding that, where "proceedings involve primarily disputes between the parents, due process does not automatically require appointment of counsel to either party," due to the State's lesser interest in the matter and the modifiability of the determination). When a party appeals from a family matter judgment entered as a result of an unappealable judicial review hearing in a child protection matter, the right to counsel does not extend to the appeal from the family matter judgment.[6]

---

[6] For the same reasons, the parent is not entitled to transcripts at state expense. Due to the confidential nature of all proceedings leading up to the family matter judgment, however, we adhere

10

C. Family Matter Appeal

[¶18] The father challenges the denial of his motion to testify by video link and the court's denial of his request for rights of contact with the child.

### 1. Denial of Motion to Participate by Video Link

[¶19] We review decisions related to the mode of presentation of evidence for an abuse of discretion, any factual findings for clear error, and alleged constitutional violations de novo. *See Sparks v. Sparks*, 2013 ME 41, ¶ 19, 65 A.3d 1223; *Malenko v. Handrahan*, 2009 ME 96, ¶¶ 33-34, 979 A.2d 1269.

[¶20] "In every trial, the testimony of witnesses shall be taken in open court, unless a statute, these rules or the Rules of Evidence provide otherwise." M.R. Civ. P. 43(a). "The court may, on its own motion or for good cause shown upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." *Id.*

[¶21] The party moving for authorization for contemporaneous transmission from another location has the burden of establishing good cause. *See id.* Therefore, if that party appeals from the denial of the motion, he or she

---

to the title 22 standards for access and confidentiality in such proceedings. *See* 22 M.R.S. §§ 4005-D, 4008 (2017) (constraining access to child protection proceedings and records). The Department's motion ensured that those safeguards were in place in this appeal.

bears the burden on appeal of demonstrating that the record compelled a finding of good cause. *See Malenko*, 2009 ME 96, ¶ 34, 979 A.2d 1269. Here, the father provided only bare assertions that unspecified medical attention and disability accommodations would not be available at the county jail. On this record and given the court's concern that the father habitually filed motions just before hearing dates, the court was not compelled to find good cause to allow contemporaneous transmission of the father's testimony, and it did not abuse its discretion in determining that, if the father wished to testify or otherwise participate, he would have to come to the hearing. *See* M.R. Civ. P. 43(a); *see also* M.R. Evid. 611(a).[7]

[¶22] Because the father had notice of the time and nature of the hearing and the opportunity to appear and be heard, there was no violation of the father's right to due process. It was the father's decision not to avail himself of the opportunity to appear that kept him from participating. *See Haskell v. Haskell*, 2017 ME 91, ¶ 15, 160 A.3d 1176; *cf. In re Destiny T.*, 2009 ME 26, ¶ 15, 965 A.2d 872 (vacating jeopardy finding when the father was not notified that

---

[7] *Cf. In re A.M.*, 2012 ME 118, ¶ 20 n.2, 55 A.3d 463 ("The fact finder must be able to assess the parent's demeanor and credibility, the quality of the parent-child relationship and other intangible factors in determining whether the parent is unfit. Given the complexity of this task and the risk of error inherent in such a determination, it is difficult to imagine how parental unfitness can constitutionally be evaluated in the parent's absence." (quotation marks omitted)).

12

jeopardy would be considered at the scheduled hearing). Furthermore, the father's counsel was present, cross-examined the mother, and had the opportunity to offer evidence and argument on the father's behalf.

2.  Order of No Rights of Contact

[¶23] We review findings of fact for clear error and the determination of the best interest of a child for an abuse of discretion. *See Boyd v. Manter*, 2018 ME 25, ¶ 6, 179 A.3d 906. We "will vacate factual findings that are adverse to the party with the burden of proof only if the record compels a contrary conclusion." *Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176 (quotation marks omitted). Here, the father had the burden to rebut the presumption that, due to his crimes against children, his contact with the child would create a situation of jeopardy and would not be in the child's best interest. *See* 19-A M.R.S. § 1653(6-B)(A).

[¶24] Contrary to the father's contention, evidence was offered at trial indicating that the child is strongly negatively affected when she fears she will have contact with the father and does not want any contact with him, including by mail. The record does not compel a finding that the father rebutted the presumption that allowing him contact with the child would create a situation of jeopardy and would not be in the child's best interest. *See id.*

The entry is:

>    Motion to dismiss the appeal from the judgment
>    entered in the child protection matter granted.
>    Judgment entered in the family matter affirmed.

---

James P. Howaniec, Esq., Lewiston, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket numbers PC-2003-33 and FM-2018-267
FOR CLERK REFERENCE ONLY